IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA   )
            )
v.           )  CASE NO. 2:17-cr-101-LSC
            )
TAVON MILAK RAMPERSANT  )

## ORDER

In response to a subpoena issued to it pursuant to Federal Rule of Criminal Procedure 17 by Defendant Tavon Rampersant, third party Wind Creek Casino Montgomery ("Wind Creek"), the victim of the alleged criminal conduct at issue, timely moved the Court to quash or modify the subpoena and to issue a protective order limiting the disclosure and dissemination of certain proprietary and confidential information requested therein. The Court previously granted in part and denied in part the motion to quash.  *See* Doc. 90. However, the Court has now determined the alternative motion for a protective order is due to be GRANTED, but modified from the proposal submitted by the parties.

"The operations of courts and the judicial conduct of judges are matters of utmost public concern."  *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S.Ct. 1535, 1541, 56 L.Ed.2d 1 (1978)).  "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  "What happens in the halls of government is presumptively public business.  Judges deliberate in private, but issue public decisions after public arguments based on public records."  *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).  The common-law right of access favors access to judicial

records and includes "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311.  However, the right is not absolute. *Id.*  It does not apply to discovery, and where it does apply, it may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1245.

"[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right. *Chicago Tribune*, 263 F.3d at 1311-12.  "[T]he need for public access to discovery is low because discovery is 'essentially a private process…the sole purpose of which is to assist trial preparation.'" *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).  In short, the distinction lies in the comparison of "material filed with discovery motions and material filed in connection with more substantive motions." *Chicago Tribune*, 263 F.3d at 1312.  By way of an example, attachments to a motion to compel are not subject to the common-law right, whereas attachments to pretrial motions which require judicial resolution on the merits are subject to the common-law right.  In the latter category, one may only overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246.  This standard parallels the "good cause" standing of Federal Rule of Civil Procedure 26(c) governing protective orders.  The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313.  When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Priceton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). Thus, because the court is obligated to protect the public's right to access judicial records, it is not bound by the parties' stipulation to seal the documentary record. *See, e.g., Romero*, 480 F.3d at 1247 ("[T]hat both parties want to seal court documents 'is immaterial' to the public right of access.") (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)).

For the most part, the Court has no issue with the proposed Protective Order. However, paragraph 3 states:

> (3)      Any document or other material designated as Confidential under this Order shall, when filed with the Court, be clearly marked "CONFIDENTIAL," sealed, and placed in separate, secure storage by the Clerk. Such documents may be opened and reviewed only by authorized Court personnel.

This paragraph provides the parties with the power to seal without consulting the court. It also does not distinguish between filings in which documents may or may not be subject to the common-law right of access to judicial proceedings. Nor does it address that if subject to the common-law right, whether good cause factors weigh in favor of sealing the documents. As such, that paragraph is rejected and modified as discussed in the protective order below.

## Protective Order

It is hereby ORDERED that:

(1)      All documents and information produced herein that are designated by Wind Creek as confidential, by stamping those documents "CONFIDENTIAL," shall be treated as such by all parties to this proceeding. Such "Confidential Information," including all copies,

summaries, compilations, notes, or abstracts thereof, shall be used exclusively for the purpose of preparing Defendant Rampersant's defense in this case. Upon conclusion of this case, all copies of all Confidential Information shall be returned to Wind Creek.

(2)  The Court expresses no opinion at this time as to the appropriateness of the designation of any particular document as Confidential under this Order. Rampersant may challenge such a designation as to any document by filing an appropriate motion with the Court. Material designated as Confidential shall continue to be treated as confidential unless and until the Court orders otherwise.

(3)  If any party needs to utilize any document or other material designated as Confidential under this Order, they shall first notify the Court of the sealed nature of the document. If this is prior to a court proceeding, the party shall file a motion to seal with an accompanying brief stating why the material should either remain under seal or be available for public use. Wind Creek shall be notified and included on any filing. The brief shall discuss the *Romero* factors as articulated above. If the matter arises during a court proceeding, the party intending on using the matter shall bring it to the attention of the judge such that oral arguments may be made with regard to the confidential nature of the material. The party shall also notify the Court that Wind Creek is a relevant party to such argument in the event Wind Creek is not present. Based on this, the Court expects the parties to carefully consider such matters to the extent they can be asserted in advance.

(4)  Documents designated as Confidential pursuant to the terms of this Order may only be disclosed to the parties, their counsel of record, employees or professional assistants (including independent consultants) of counsel of record, and witnesses having a bona fide need to review said documents or other material in connection with the provision of testimony

or preparing to provide testimony.

(5)     Persons listed in Paragraph 4 above, other than counsel of record and the named individual parties, shall not be afforded access to Confidential Information unless they first agree, in writing, to be bound by the letter and spirit of this Order and not to disclose the Confidential Information to anyone other than counsel of record for the parties, except as required by lawful judicial process. Such signed statements shall be maintained by counsel for the party disclosing Confidential Information to the signatory.

(6)     Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action.

(7)     In addition to designating documents containing sensitive, confidential, or proprietary financial information as Confidential, Wind Creek may redact certain personal identifying information from any documents that it is required to produce in response to Defendant Rampersant's subpoena. Specifically, Wind Creek may redact the following information from documents prior to producing them:

a)     Names
b)     Dates of birth
c)     Social Security numbers
d)     Home addresses
e)     Bank account numbers
f)     Health and injury-related information
g)     Compensation information

DONE this 28th day of August, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE